GEORGE DUESDIEKER (SBN 95505)
LAW OFFICE OF GEORGE DUESDIEKER
405 El Camino Real # 107
Menlo Park, California 94025
Telephone:  (650) 566-9529
Facsimile:   (650) 618-1844

Attorney for Plaintiff
Heavi Williams

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

Heavi Williams,

                Plaintiff,

      v.

Home Depot U.S.A., Inc.

                Defendant.

Civil No. 5:14-cv-2589

**COMPLAINT FOR DAMAGES**
1. Marital Status Discrimination
2. Retaliation
3. Failure to Prevent Discrimination
4. Sex Disc. in Violation of FEHA
5. Sex Disc. in Violation of Public Policy

## **JURY TRIAL DEMANDED**

Plaintiff Heavi Williams alleges as follows:

### GENERAL ALLEGATIONS

1.  Plaintiff Heavi Williams ("Williams") was, at all relevant times, employed by Home Depot U.S.A., Inc. ("Home Depot") in Santa Clara County, California.  At all times relevant hereto, Williams was, and is, a resident of Santa Clara County, California.  The impact of defendant's conduct hereinafter alleged was felt in said County and State.

2.  Defendant Home Depot is a Delaware corporation with its principal place of business in Atlanta, Georgia

3.  Jurisdiction is proper in this Court because this action arises between citizens of different

states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.

4.   In 2001 Home Depot hired Williams as a Sales Associate.  In the course of his employment Williams held positions of increasing responsibility.  Beginning in 2006 Williams was an Assistant Store Manager at the Home Depot in Milpitas.  During the time that Williams was an Assistant Store Manager in Milpitas, Cassie Valencia was also an Assistant Store Manager in Milpitas. Throughout Williams' entire tenure with Home Depot he was not married, nor did he have young children.  However, throughout the time Williams and Ms. Valencia worked in the same store in Milpitas, she had children and childcare responsibilities. For part of the time that Ms. Valencia and Williams both worked as Assistant Store Managers at the Milpitas Home Depot, she was responsible for creating work schedules for the Assistant Store Managers.  Williams objected that the schedules Ms. Valencia wrote and the hours that she worked took unfair advantage of his time because he did not have children or a family.  Williams was not married throughout his employment with Home Depot.  In the latter part of Williams' work at the Milpitas Home Depot, in response to Williams' complaints, Store Manager Kenny Garrido took over writing manager schedules so that Ms. Valencia would not be favored over Williams.

5.   Williams transferred to the Sunnyvale Home Depot as an Assistant Store Manager in 2012. Ms. Valencia soon became the Store Manager of the Sunnyvale Home Depot.  Ms. Valencia wrote schedules for the Sunnyvale Home Depot that left Williams with disproportionately long hours, and took advantage of his time because he did not have young children or a family.  Ms. Valencia would come to work later than she scheduled herself, and then expect Williams to "walk the store" with her, even though that would be long past the end of the work time for which Ms. Williams had scheduled Williams.  Williams told Ms. Valencia that how the scheduling was handled was unfair. Rather than establish and adhere to a work schedule which shared the work fairly among the Assistant Store Managers and Store Manager, Ms. Valencia terminated Mr. Williams for a false reason.

FIRST CLAIM FOR RELIEF

(Marital Status Discrimination In Violation
of the California Fair Employment and Housing Act)

6.   Plaintiff incorporates each allegation set forth in paragraphs 1 through 5.

7.    Defendant Home Depot is an employer in the State of California, as defined by the California Fair Employment and Housing Act ("FEHA").

8.    Defendant Home Depot discriminated against Williams on the basis of his marital status (unmarried, no children) and terminated Williams on account of his marital status (unmarried, no children) in violation of FEHA.

9.    Williams filed a charge of marital status discrimination and sex discrimination with the California Department of Fair Employment and Housing within one year of the last act of the ongoing continuous course of conduct of marital status discrimination and sex discrimination.  The Department issued Williams a right-to-sue letter within one year of the filing of this complaint. Williams has exhausted his administrative remedies.  A copy of Williams' FEHA charge is attached hereto as an Exhibit.

10.    Williams suffered damages proximately caused by Home Depot's discrimination as stated in the section below entitled "DAMAGES", which is incorporated here to the extent pertinent as if set forth here in full.

SECOND CLAIM FOR RELIEF

(Retaliation for Opposing Marital Status Discrimination In Violation<br>of the California Fair Employment and Housing Act)

11.  Plaintiff incorporates each allegation set forth in paragraphs 1 through 10.

12.  Defendant Home Depot is an employer in the State of California, as defined in FEHA.

13.  Defendant Home Depot retaliated against Williams because of Williams' opposition to marital status discrimination against him by terminating his employment.

14.  Williams filed a complaint of retaliation against Defendant Home Depot with the California Department of Fair Employment and Housing within one year of that retaliation.  The Department issued Williams a right-to-sue letter within one year of the filing of this complaint.  Williams has exhausted his administrative remedies. A copy of Williams' FEHA charge is attached hereto as an Exhibit.

15.    Williams suffered damages proximately caused by Home Depot's discrimination as stated in the section below entitled "DAMAGES", which is incorporated here to the extent pertinent as if set forth here in full.

THIRD CLAIM FOR RELIEF
(Failure to Take All Reasonable Steps
to Prevent Discrimination In Violation
of the California Fair Employment and Housing Act)

16.     Plaintiff hereby incorporates by reference Paragraphs 1 through 15, inclusive, as though set forth here in full.

17.     Defendant Home Depot is an employer in the State of California, as defined in the California Fair Employment and Housing Act  ("FEHA").

18.     Defendant Home Depot failed to take all reasonable steps to prevent discrimination against Williams because of his marital status, in violation of the California Fair Employment and Housing Act.

19.     Williams filed a charge against Defendant Home Depot with the California Department of Fair Employment and Housing for failure to take all reasonable steps to prevent discrimination against him on account of his marital status within one year of such failure.  The Department issued Williams a right-to-sue letter within one year of the filing of this complaint.  Williams has exhausted his administrative remedies. A copy of Williams' FEHA charge is attached hereto as an Exhibit.

20.     Williams suffered damages proximately caused by Home Depot's failure to prevent discrimination as stated in the section below entitled "DAMAGES", which is incorporated here to the extent pertinent as if set forth here in full.

FOURTH CLAIM FOR RELIEF
(Sex Discrimination In Violation
of the California Fair Employment and Housing Act)

21.     Plaintiff hereby incorporates by reference Paragraphs 1 through 20, inclusive, as though set forth here in full.

22.     Defendant Home Depot is an employer in the State of California, as defined by FEHA.

23.     Home Depot Store Manager Cassie Valencia made sexually discriminatory comments about males during the course of her employment with Home Depot.  Cassie Valencia's comments fostered a hostile environment for males, including Williams.  Cassie Valencia's comments

discriminated against Williams because of his sex in violation of FEHA.

24.    Williams filed a charge of sex discrimination with the California Department of Fair Employment and Housing within one year of the last act of the ongoing course of marital status and sex discrimination.   The Department issued Williams a right-to-sue letter within one year of the filing of this complaint.  Williams has exhausted his administrative remedies. A copy of Williams' FEHA charge is attached hereto as an Exhibit.

25.   Williams suffered damages proximately caused by Cassie Valencia's sex discrimination as stated in the section below entitled "DAMAGES", which is incorporated here to the extent pertinent as if set forth here in full.

FIFTH CLAIM FOR RELIEF
(Sex Discrimination In Violation
of Public Policy)

26.    Plaintiff hereby incorporates by reference Paragraphs 1 through 25, inclusive, as though set forth here in full.

27.   Home Depot Store Manager Cassie Valencia made sexually discriminatory comments about males during the course of her employment with Home Depot.  Cassie Valencia's comments fostered a hostile environment for males, including Williams.  Cassie Valencia's comments discriminated against Williams because of his sex in violation of public policy.

28.    This discrimination violated public policy, California common law and Williams' constitutional rights under the California Constitution, Article 1, Section 8, which states that a person shall not be disqualified from entering or pursuing a business, profession, vocation, or employment because of sex.

29.   The sex discrimination and marital status discrimination to which Williams was subjected was severe and pervasive and was an ongoing and continuous course of conduct, and created a hostile work environment.

30.   Williams suffered damages proximately caused by Cassie Valencia's sex discrimination as stated in the section below entitled "DAMAGES", which is incorporated here to the extent pertinent as if set forth here in full.

COMPLAINT

DAMAGES

31.   As a legal result of the conduct by Home Depot of which Williams complains, Williams suffered and continues to suffer substantial losses in earnings and other employee benefits. Williams will seek leave to amend this Complaint to state the amount or will proceed according to proof at trial.

32.   Williams suffered emotional distress as a legal result of the conduct by Home Depot of which he complains.  Williams suffered mental distress, suffering and anguish as a legal result of Home Depot's outrageous conduct with humiliation, embarrassment, anger, disappointment and worry, all of which is substantial and enduring.  Williams will seek leave to amend this Complaint to state the amount or will proceed according to proof at trial.

33.   At all material times, Home Depot was in a position of power over Williams, with the potential to abuse that power.  Williams was  in a vulnerable position because of his relative lack of power, because he was emotionally vulnerable as a result of Ms. Valencia's illegal conduct, because he placed his trust in Home Depot, because he depended on his employment for his self esteem and sense of belonging, and because of the great disparity in bargaining power between Williams and Home Depot.  Home Depot was aware of Williams' vulnerability and the reasons for it.

34.   Notwithstanding such knowledge, Home Depot acted oppressively, fraudulently, and maliciously, in willful and conscious disregard of Williams' rights, and with the intention of causing, or in reckless disregard of the probability of causing, injury and emotional distress to Williams.

35.   Further, Home Depot was informed of the oppressive, fraudulent and malicious conduct of its employees, agents and subordinates, and ratified, approved and authorized that conduct.

36.   The foregoing conduct of Home Depot was intentional, willful and malicious and Williams is entitled to punitive damages in an amount to conform to proof.

PRAYER

WHEREFORE, plaintiff prays:

1. For a money judgment representing compensatory damages including lost wages, earnings,

retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

2.  For a money judgment for mental pain and anguish and emotional distress, according to proof;

3. For an award of exemplary and punitive damages according to proof;

4. For costs of suit and attorney fees as allowable by law;

5. For prejudgment and post-judgment interest;

6. For such other and further relief as the court may deem proper; and

7.  For  attorney fees pursuant to California Code of Civil Procedure §1021.5, California Government Code §12965(b), and any other appropriate authority.

Dated:  June 5, 2014                    LAW OFFICE OF GEORGE DUESDIEKER

/s/_____
George Duesdieker
Attorney Plaintiff Heavi Williams

## **JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all issues so triable, except attorney's fees and costs.

Dated:  June 5, 2014                    LAW OFFICE OF GEORGE DUESDIEKER

/s/_____
George Duesdieker
Attorney Plaintiff Heavi Williams

_____